IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Patrick Alston, | : | |
| Plaintiff | : | Civil Action 2:06-cv-00491 |
| v. | : | Judge Graham |
| Sofa Express, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Report and Recommendation

This matter is before the Magistrate Judge on Plaintiff's July 14, 2006 notice of objection to removal and motion to remand to the Franklin County Court of Common Pleas. (doc. 9-1). Defendants removed this case to the United States District Court for the Southern District of Ohio Eastern Division based on federal question jurisdiction. (doc. 10-1). Plaintiff argues that the removal was defective under 28 U.S.C. § 1446 because Defendants did not serve the notice of the removal on Plaintiff's counsel at his office address. (doc. 9-1). Defendants sent the notice of removal to the address for Plaintiff's counsel contained in the summons accompanying the complaint. (doc. 10-1). Plaintiff does not challenge the Court's federal question jurisdiction. (doc. 9-1). His sole argument is that the removal action was defective because the notice of removal was not served on his attorney Eric C. Rogers. (doc. 9-1).

### I. Facts

On June 2, 2006, Plaintiff Patrick Alston filed this action in the Common Pleas Court for Franklin County, Ohio. The complaint alleges that Defendants violated the Family and Medical

Leave Act, 29 U.S.C. § 2601, breached an implied contract, breached a fiduciary duty, took retaliatory action against plaintiff, and violated public policy. The complaint specifically alleges that as a result of the time off due to the birth of his child and two days off due to sickness, the Defendants violated the FMLA and various other legal constructs.

On June 13, 2006 Defendants were served with summons and complaint. On June 19, 2006 they filed a notice of removal. Defendants sent the notice of removal to Eric C. Rogers, Bryon L. Potts & Co., 415 East Broad Street, Suite 112, Columbus, OH 43215, the address for Plaintiff's counsel set forth in the summons accompanying Plaintiff's complaint, not to, Eric C. Rogers, Barristers Building, 338 South High Street, Columbus, OH 43215, the address prominently displayed on the complaint. (doc. 10-1). Plaintiff contends that service of the notice of removal on Byron L. Potts & Co., L.P.A. was intended to circumvent the statutory requirement of notice. (doc. 9-1). Defendants maintain that the error was induced by Plaintiff's counsel's including the Potts & Co. address in the summons. Further, the error was quickly cured, since Mr. Rogers entered his appearance in federal court on June 28, 2006.

## II. Defect in Removal

This motion for remand boils down to a single issue: does a technical deficiency in the removal of an action from state court to federal court require remand to the state court? Governing in large part is 28 U.S.C. § 1446 and case law interpreting these statutory requirements.

28 U.S.C. § 1446 (d) governs the notice requirement for removal and states:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446 (d).

Plaintiff maintains that a strict reading of the statute is proper. (doc. 9-1). *Kovell v. Penn. R.R. Co.*, 129 F. Supp. 906 (N.D. Ohio 1954) and *Flowers v. Aetna Casualty & Surety Co. et al.*, 163 F.2d 411 (6th Cir., 1947). Both stand for the general proposition that the requirement of notice is mandatory, and that failure to give notice to opposing counsel is fatal, requiring a remand of the case to State court. *Flowers* is a Sixth Circuit case but is distinguishable. In that case there was no notice whatsoever. The Court held that giving contemporaneous notice of the filing of petition for removal is mandatory, but stated that the object of the statute was to merely inform opposing counsel that the right to removal was exercised. *Flowers*, 163 F.2d at 416.

The Defendants maintain that this error should be analyzed as a technical deficiency and that they acted diligently by sending notice to the address provided on the summons. *Arnold v. CSX Hotels, Inc.*, 212 F. Supp. 2d 634 (S.D.W.V. 2002) and *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, 1994 WL 673413 (E.D. La. Dec. 2 1994) held that *Kovell's* "actual notice" test should not be adopted but rather a "rule of good faith effort and lack of prejudice" should be adopted to effectuate the purpose of the removal statute, the exercise by the defendant to remove to federal court. The modern pleading environment allows for more flexibility in curing "technical deficiencies." For example, *Tech Hills II Associates* held that "amending jurisdictional allegations of removal petitions should be permitted in the same manner as amendment to any other pleading." *Tech Hills II Associates v. Phoenix Home Life Mutual Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993). Further, "[t]he time has come to apply the principles of modern pleading relating to amendments to removal petitions . . . to implement the spirit of the statute and rules [so long as] the parties are in law entitled to [federal jurisdiction]" *Id*.

> Where defendants make a good faith effort to give notice, and where plaintiffs suffer no prejudice as a result of the failure of that attempt, we think that the requirements of

> section 1446(d) are sufficiently fulfilled to effect removal.
> To hold otherwise would hinge the success of removal on
> the vagaries of the postal service and in-house mailrooms;
> that approach clearly does not advance the purposes of the
> removal statutes.

*Arnold* at 637.

28 U.S.C. § 1446(b) specifies that "[t]he notice of removal of a civil action . . . shall be filed within thirty days after receipt by the defendant, through service or otherwise . . . [.]" Further, after notice of removal is provided to the Court, written notice shall "promptly" be given to adverse parties. 28 U.S.C. 1446(d).

Here the Defendants made a good-faith effort to provide notice of the removal to Plaintiff. Although a more careful review of the summons and the complaint would have revealed the conflicting addresses for Mr. Rogers, reliance on the address in the summons accompanying the complaint was not unreasonable. As soon as the mistake was discovered, necessary steps were taken to cure the defect and provide the written notice required "promptly". (doc. 10-1). Indeed, Mr. Rogers filed a motion to proceed *pro hac vice* in federal court on June 28, 2006, just nine days after the notice of removal was filed and merely 16 days after Defendants were served with summons and complaint. Consequently, Plaintiff had notice of the removal well within the 30 day period Defendants had under 28 U.S.C. § 1446(b) to effect the removal. Federal jurisdiction is proper in this case, to remand due to a technical deficiency would run counter to the goal of 28 U.S.C. § 1446. It is better "'if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it' than to remand the case to the state court." *Schliewe v. Toro*, 138 Fed. Appx. 715 (6th Cir. June 23, 2005) (*citing Gafford*, 997 F.2d at 164 and *Tech Hills II*, 5 F.3d at 969).

### III. Conclusion

Accordingly, the Magistrate Judge recommends that Plaintiff's July 14, 2006    motion

to remand to the Franklin County Court of Common Pleas (doc. 9-1) be **DENIED.**

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.

/s/ Mark R. Abel
United States Magistrate Judge